

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,                    :

v.                                           :    Criminal No. **07 - 1 6 8**

:

TITUS JEROME GREEN,                          :
PHYLLIS HINTON,                              :    **FILED**
ELMER MORGAN                                 :
          Defendants.                        :    JUN 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INDICTMENT AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States of America, by its attorney, Jeffrey Taylor, the United States Attorney for

the District of Columbia, respectfully submits this motion to seal the accompanying criminal

Indictment, bench warrants, as well as all other pleadings, proceedings, records and files in this case,

including the instant Motion to Seal, and to delay entry on the public docket of this motion to seal

and all related matters. In support of this motion, the government cites the following points and

authorities.

The defendants in this case is a target in a criminal investigation involving a distribution and

possession with intent to distribute cocaine base, also known as crack, in violation of Title 21,

United States Code, Section 841(a).

The sealing is necessary because the Indictment, bench warrant, and other future pleadings

contain sensitive information, and disclosure of which would not be in the interest of the government

or the public.

Law enforcement believes the defendants is not aware of the criminal investigation of him

and disclosure of the Indictment and bench warrants in the public records may hinder law enforcement's efforts in apprehending him, and may also endanger law enforcement personnel, and confidential civilian witnesses. Accordingly, it is essential that any information concerning a pending case in this District be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the Indictment would likely compromise the criminal investigation by: (1) placing the personal safety of the undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting the defendants of the investigation; and (3) causing the defendants and other possible targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.

It is common practice for individuals associated with criminal organizations to check the public record to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case, and present a substantial risk to the personal safety of undercover agents and other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal Indictment and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until:(1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can

continue its criminal investigation without substantial risk that it would be jeopardized due to the

public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post*

*v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

**WHEREFORE**, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEFFREY TAYLOR
UNITED STATES ATTORNEY
Bar No. 498-610

BY:

LOUIS RAMOS
Assistant United States Attorney
Bar No. 472-176
555 4th Street, N.W., Room 4205
Washington, D.C. 20530
(202) 305-2195